PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2000 Grand Am GT struck a hole as she was traveling east on 1-64, Kanawha County. 1-64 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 23, 2003, between 5:00 p.m and 6:00 p.m. Claimant was traveling eastbound on 1-64 to the South Charleston/MacCorkle Avenue exit. 1-64 is a four-lane highway with a one lane exit ramp at the area of the incident involved in this claim. Claimant testified that she was driving between thirty-five and forty miles per hour with traffic in front of and behind her. Ms. Collins was exiting the highway when her vehicle struck a hole in the road that she did not see. Claimant’s vehicle sustained damage to the front left tire and rim. The damage sustained totaled $799.24. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-64 at the site of the claimant’s accident for the date in question.
Stephen Knight, Transportation Crew Supervisor for the respondent in Kanawha County, testified that he had no knowledge of any potholes on 1-64 on or near the exit ramp for South Charleston/MacCorkle Avenue. Mr. Knight stated that on the date of this incident, respondent’s maintenance crews were working at the site of a mudslide that had occurred on another stretch of 1-64 for which they were responsible. Respondent had received no notice ofholes in the road along this portion of 1-64 on the day of the incident in question or in the previous five days.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, *173 16 Ct. Cl. 103 (1986).
In the instant case, the evidence established that the respondent did not have actual or constructive notice of a hole on 1-64 on the South Charleston/MacCorlde Avenue exit ramp prior to the incident in question. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus, the claimant may not make a recovery for her loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.